JEROME ALEXANDER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8138. Promulgated July 19, 1928.

*Jerome Alexander* pro se.
*W. Frank Gibbs, Esq.*, for the respondent.

## OPINION.

ARUNDELL: The issue is whether petitioner sustained a net loss in 1922 which he may carry forward and take as a 1923 deduction. If this issue is to be resolved in favor of petitioner we must find, first, that he sustained a loss in 1922 and, second, that the loss was a statutory net loss. The claim is that the difference between the amount of $41,667 which was credited to petitioner on the books of his corporate employer and the amount of $12,500 that he received under the 1922 settlement constituted a loss.

We do not see how the transaction can be said to result in a loss within the meaning of the taxing statute. We can not tell from the evidence what the credit was—whether it was an amount really owing to the petitioner or whether it was merely an interim book entry, subject to final adjustment. If it were the latter, petitioner plainly sustained no loss when upon adjustment he received $12,500. Even if we assume that the credit represented an amount actually due to petitioner, we are still without evidence as to the basis upon which he kept his accounts and reported income, and we do not know whether the amount of the credit was ever returned as income so as to render it deductible under the principle laid down in the case of *Charles A. Collin*, 1 B. T. A. 305.

Aside from these considerations, and assuming that petitioner actually sustained a loss, he has not shown that it was such as to come within the net loss provisions of the statute. See section 204 of the Revenue Act of 1921. Merely allowing credits to accumulate can not be said to be a " trade or business regularly carried on."

*Judgment will be entered for the respondent.*